UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | | |
|---|---|---|
| **LISA KRAMER** | ) | |
| **Plaintiff** | ) | **COMPLAINT** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **NCO FINANCIAL SYSTEMS, INC.,** | ) | |
| **Defendant** | ) | |

**COMPLAINT**

## I.   PRELIMINARY STATEMENT

1.     This action arises out of illegal acts and omissions of the above-named Defendant, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 ("FCEUA"), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL").  Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.

## II.  JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 et seq (hereinafter "FCEUA"), Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, et seq (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices, and Telephone Consumer Protection Act of 1991 ("TCPA"), which provides protection from harassment and abuse.

3.      Venue is proper in this District because the acts and transactions occurred here and Plaintiff

resides within this district.

### III. PARTIES

4.      Plaintiff Lisa Kramer is a natural person residing at 316 Broad Street, Harleysville,

Pennsylvania 19438. Because Plaintiff was allegedly obligated to pay a Bank of America credit card

debt that is the subject of this case that was primarily for family, personal or household purposes, she

was a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and FCEUA, 73 P.S. § 2270.3

and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

5.      Defendant NCO Financial Systems, Inc. ("NCO") is, upon information and belief, a corporation

existing pursuant to the laws of the Commonwealth of Pennsylvania and maintains a principal place of business

located at 507 Prudential Road, Horsham, Pennsylvania 19044 and acted by and through its owners,

managers, officer, shareholders, authorized representatives, partners, employees, agents and/or

workmen.

6.      At all times relevant to this Complaint, Defendant NCO is a "debt collector" as that term is

defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

### IV. FACTUAL ALLEGATIONS

7.      On February 24, 2011, Defendant NCO, by and though a person who identified herself as

Jaquiler May from NCO, placed a telephone call to Plaintiff's mother asking for Plaintiff.

8.      During this phone call, Plaintiff's mother informed Ms. May that Plaintiff did not live with

her.

9.      Ms. May then told Plaintiff's mother that they (Defendant NCO) needed to get hold of

Plaintiff and then discussed detailed account information about Plaintiff's account with Plaintiff's

mother and asked Plaintiff's mother to have Plaintiff contact Defendant NCO. Part of the information

given to Plaintiff's mother was the NCO access code that allowed Plaintiff's mother to access the

account set up in NCO's system through its website. Ms. May told Plaintiff's mother to call her at

800-448-9576, ext. 4762.

10.     Shortly after concluding the aforesaid telephone conversation, Defendant NCO called

Plaintiff's mother again, asking if Plaintiff lived there. Plaintiff's mother again told Defendant NCO

that Plaintiff did not live with her.

11.     A few days later, Defendant NCO called Plaintiff's mother again and, in a belligerent manner,

asked if she had relayed the message to contact Defendant NCO to Plaintiff yet.

### V. TRIAL BY JURY

12.     Plaintiff incorporates by reference paragraph 1 through 11 of this Complaint as though fully

set forth herein.

13.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend.

7.Fed.R.Civ.P.38.

### VI. COUNT I
### CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et. seq.

14.     Plaintiff incorporates by reference paragraph 1 through 12 of this Complaint as though fully

set forth herein.

15.     Defendant's aforestated actions violated the FDCPA as follows:

(a)     Defendant violated the FDCPA by contacting a third-party and stating that the

consumer owed a debt in violation of 15 U.S.C. § 1692b(2).

(b)     Defendant violated the FDCPA by contacting a third-party more than once in violation

of 15 U.S.C. § 1692b(3).

(c)      Defendant violated the FDCPA by contacting someone other than the consumer, consumer's attorney or credit bureau concerning the debt in violation of 15 U.S.C. § 1692c(b).

(d)      Defendant violated the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692 d.

(e) Defendant violated the FDCPA by using false representation and/or deceptive means to attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C. §§1692e (10).

(f)      Defendant violated the FDCPA by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt in violation of  15 U.S.C. §1692f.

16.      As a direct and proximate result of the Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

17.      As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

18.      Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

19.      As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

### CLAIMS FOR RELIEF

20.      Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.      The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

22.     As a result of each of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lisa Kramer, prays that judgment be entered against Defendant for the following:

     (1)     Actual damages;

     (2)     Statutory damages in the amount of $1,000.00;

     (3)     Reasonable attorney's fees and costs;

     (4)     Declaratory judgment that the Defendants' conduct violated the FDCPA;

     (5)     Such other and further relief that the Court deems just and proper.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

23.     Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. 201-1 et. seq. ("FCEU"). Defendant is a debt collector pursuant to 73 Pa.C.S. § 2270.3

24.     The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa.C.S. § 2270.3.

25.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

26.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive

representations.

27.     Violation of the FDCPA is a per se violation of the FCEUA.

28.     By virtue of the violations of law as aforesaid, and pursuant to the FCEUA, Plaintiff is entitled

to an award of actual damages, treble attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lisa Kramer, prays that judgment be entered against Defendant for

the following:

(1)     An Order declaring that Defendants violated the FCEU;

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

29.     Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully

set forth herein.

30.     Plaintiff and Defendant are "Person(s)" pursuant to 73 Pa. C.S §201-2.

31.     The UTCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices"

wither at, prior to, or subsequent to a consumer transaction.

32.     The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under

the UTCPL, by way of the following, inter alia:

a.      Defendant misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding pursuant to 73 Pa. C.S §201-3.1.

b.      Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding pursuant to 73 Pa. C.S §201-2(xxi).

c.      Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

33.     As a direct and proximate result of Defendant's actions as aforestated, Plaintiff has suffered financial damages and harm.

34.     By virtue of the Defendant's violations of law as aforestated, and pursuant to the FCEUA and UTCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lisa Kramer, prays that judgment be entered against Defendant for the following:

(1)     An Order declaring that Defendants violated the UTCPL

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT IV

### (Invasion of Privacy – Unreasonable Intrusion upon Seclusion)

35.     Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36.     Defendant invaded the privacy of the Plaintiff by unreasonably intruding upon his seclusion.

37.     Defendant intentionally intruded, physically or otherwise, upon the solitude and/or seclusion of the Plaintiff or his private affairs or concerns in a manner which was highly offensive to the Plaintiff other reasonable persons if same should be in similar positions.

38.     Defendant's intentional intrusions, physical or otherwise, upon the solitude and/or seclusion of the Plaintiff were substantial and highly offensive.

39.     Defendant intruded upon the seclusion of the Plaintiff by making the aforesaid telephone calls and engaging in conversations with Plaintiff's mother as aforestated.

40.     As a causally-direct and legally proximate result of Defendant's telephone calls to Plaintiff's mother, in which Defendant disclosed private information about Plaintiff, Defendant invaded Plaintiff's privacy and intruded upon her seclusion.

41.     Defendant, by the aforesaid actions described herein, has caused Plaintiff to experience severe and ongoing emotional, psychological, and physical distress and physical responses to the repeated telephone calls and invaded Plaintiff's privacy and intruded upon his seclusion.

42.     As a direct and legally proximate result of the intentional intrusion upon seclusion, Defendant is liable to the Plaintiff for declaratory judgment that the Defendant's conduct constituted invasion of privacy by intrusion upon seclusion, actual damages, and punitive damages.

        **WHEREFORE,** Plaintiff, Lisa Kramer, prays that judgment be entered against Defendant for the following:

        a. Actual damages against Defendant, pursuant to the consumer protection provisions found within the FDCPA, 15 U.S.C. §1692 (k) (1), the TCA, 47 U.S.C. § 223 (f), and under the tort of Invasion of Privacy and Intrusion upon Seclusion.

        b. Statutory damages against Defendant, pursuant to the FDCPA, 15 U.S.C. § 1692K (a) (2) (A and the TCPA, 47 U.S.C. § 227 (b) (3).

c.  Punitive damages against Defendant for inflicting an intentional tort upon the Plaintiff in

the nature of Invasion of Privacy-Intrusion upon Seclusion.

d. Costs and reasonable attorneys fees against Defendant pursuant to the U.S. Fair Debt

Collections Practices Act, 15 U.S.C. § 1692 (a) (3).

e.  Injunctive relief against Defendant, prohibiting any further communication, contacts,

telephone calls, or otherwise.

f.  For such other and further relief as may be just and proper.

g.  Plaintiff reserves the right and hereby notice Defendant to request other forms of relief not

specifically enumerated herein or hereto.


Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com